Diego J. Aranda Teixeira (Bar No. 344956)
Centro de Asistencia al Migrante Urbano y Rural
P.O, Box 74877
Los Angeles, CA 90004
Tel: (213) 222-6095
diego@camur-la.org

*Pro-Bono Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| Edwin Camilo Vasquez Reyes,<br><br>*Petitioner*,<br><br>v.<br><br>Warden of Adelanto ICE Processing Center, in his official capacity; Thomas GILES, U.S. Immigration and Customs Enforcement (ICE), Field Office Los Angeles Field Office Director, in his official capacity; David J. VENTURELLA, Director of ICE, in his official capacity; Markwayne MULLIN, U.S. Secretary of Homeland Security, in his official capacity; Todd BLANCHE, Acting U.S Attorney General, in his official capacity,<br><br>*Respondents*. | Case No. 5:26-cv-6070<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. This is a petition for a writ of habeas corpus seeking an order to enjoin Respondents' detention of Petitioner Edwin Camilo Vasquez Cruz ("Mr. Vasquez" or "the Petitioner") without a fair opportunity to review the legality or propriety of his detention. Mr. Vasquez was unlawfully denied the opportunity to have a custody redetermination or bond hearing in his case on October 7, 2026, and no meaningful administrative pathways for review exist.

2. Accordingly, the Petitioner respectfully requests that this Court issue a writ of habeas corpus ordering Respondents to release him immediately or, alternatively, to conduct a fair hearing before an impartial arbiter where the Petitioner may receive meaningful review of his custody.

## JURISDICTION

3. A federal court may issue a writ of habeas corpus where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

4. Petitioner is in the physical custody of Respondents under color of the authority of the United States. Petitioner is in immigration

custody at the Adelanto ICE Processing Center ("AIPC") in Adelanto, California.

5. This Court has jurisdiction under 28 U.S.C. § 2241(c) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

6. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

7. Venue is proper in the Central District of California, because it is the judicial district in which Petitioner currently is detained. *See Vasquez v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024).

8. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California. *See also Braden v. 30th Jud. Cir. Ct. of Ky*, 410 U.S. 484, 493- 500 (1973).

**PARTIES**

9. Petitioner Vasquez is a national and citizen of Colombia who has resided in the United States since December 1, 2022. Petitioner filed his Form I-589 application for asylum, withholding of removal, and Convention Against Torture relief with the United States Citizenship and Immigration Service ("USCIS") on July 2023 before being detained by the Respondents on August 27, 2026, at his scheduled check-in with Respondent ICE.

10. Respondent Warden of the AIPC is the warden of the facility where Petitioner is detained. This Respondent is the chief administrative official of the facility, has immediate physical custody of Petitioner, is the immediate custodian, and is sued in his official capacity.

11. Respondent Thomas Giles is the Field Office Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations Division (ERO). As such, Petitioner Vasquez is, through Respondent Warden of the AIPC, responsible for Petitioner's detention. Respondent Giles is sued in his official capacity.

12. Respondent ICE is a component agency of the Department of Homeland Security (DHS) and is responsible for the enforcement of immigration laws, including the detention and removal of noncitizens such as Petitioner

13. Respondent Markwayne Mullin is the DHS Secretary. He is responsible for the implementation and enforcement of immigration laws, and oversees ICE, which is responsible for Petitioner's detention. Mr. Mullin has ultimate custody over Petitioner and is sued in his official capacity.

14. Respondent Todd Blanche is the Attorney General of the United States. He is responsible for the Department of Justice, of which the Executive Office for Immigration Review – which includes the immigration court system – is a component agency. Immigration courts have the authority to review certain custody decisions by ICE and to order release in the cases reviewed. Therefore, Respondent Blanche is a custodian of Petitioner. He is sued in his official capacity.

## FACTUAL ALLEGATIONS

15. The Petitioner was born in Colombia and ordinarily resides in Los Angeles, California. Petitioner has lived in the United States

since December 1, 2022. Customs and Border Patrol, under the authority of Respondent Mullin, encountered the Petitioner on that day and allowed him into the United States upon a grant of parole.

16. Petitioner's December 1, 2022 entry into the U.S. occurred because he was seeking asylum following past persecution in Colombia. The Petitioner filed his timely asylum application with USCIS on July 31, 2023.

17. Respondents Mullin and ICE required the Petitioner to attend check-ins with ICE ERO. The Petitioner complied with this requirement and was detained at one such check-in. The stated reason for his detention was purely that the Petitioner did not have lawful immigration status at the time of his detention. As the Respondents' own I-213 documentation indicates, the Petitioner has no criminal history anywhere in the world, nor does that documentation provide any reason to believe he may be a flight risk.

18. The Petitioner requested custody redetermination at a bond hearing before an Immigration Judge at the Adelanto Immigration Court, under Respondent Blanche's authority, beginning on September 16, 2026. The Adelanto Immigration Court delayed the processing of

this request and presented spurious reasons to reject the filing of this bond hearing request twice, only processing this request on September 30, 2026. This delay led to the Immigration Court setting the Petitioner's bond hearing on October 7, 2026, nearly a month after his initial request for a bond hearing.

19. On October 7, 2026, the Immigration Judge, Bryan DePowell, began the bond hearing by stating that he found no jurisdiction to hold a bond hearing for the Petitioner. Undersigned Pro-Bono Counsel summarized legal argument provided to the Immigration Court, reminding the Immigration Judge that the Western District of Washington had already held that, people like Petitioner, found present in the United States without admission and apprehended in the interior of the United States, are eligible for release on bond under Immigration and Nationality Act § 236(a)(2). *See, Rodriguez Vazquez v. Bostock, et al.*, 3:25-CV-05240-TMC, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025), at *27. The Immigration Judge replied that he "disagreed" with this statement of the law and, instead, applied *Matter of Q Li* to find that he had no jurisdiction to hold a bond hearing, despite *Rodriguez Vazquez* holding to the contrary. *Compare*

*Matter of Q Li*, 29 I&N Dec. 66 (BIA 2025); *to Rodriguez Vazquez v. Bostock, et al.*, 2025 WL 2782499, at *27. The IJ's written decision also relied on *Q Li* and did not even make reference to *Rodriguez Vazquez*. *Id.* In the hearing itself, the IJ incorrectly stated that the Ninth Circuit had not ruled on this matter, when in fact the Ninth Circuit in *Rodriguez Vazquez* affirmed the District Court on July 30, 2026, over two months before the October 7, 2026 bond hearing. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165, 1193 (9th Cir. 2026)

## **Legal Argument**

20. A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are `in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a

preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

21. The "historic purpose of the writ" of habeas corpus is "to relieve detention by executive authorities without judicial trial." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) (cleaned up). A habeas court's role is at its "most extensive in cases of pretrial and noncriminal detention," especially "where there ha[s] been little or no previous judicial review of the cause for detention," as is the case here. *Boumediene v. Bush*, 553 U.S. 723, 780 (2008).

22. Respondents here detained the Petitioner, who had always been in compliance with his ICE check-ins and had a pending asylum application, then obstructed his ability to receive a bond hearing by disregarding District Court rulings in favor of the agency's impermissible rewriting of the Immigration and Nationality Act. Deference is not due to administrative interpretations of even the laws agencies implement, particularly when agency interpretations conflict with the plain language of the statute. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024). Under *Loper Bright*, this Court has no obligation to defer to the BIA. *Murillo-Chavez v. Bondi*, 128

F.4th 1076, 1086-87 (9th Cir. 2025) (holding that after *Loper Bright*, BIA decisions "have only that power [to persuade] and we 'need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous'") (quoting *Loper Bright*, 603 U.S. at 413, 144 S.Ct. 2244). The Bond Denial Class in *Rodriguez Vazquez* "has shown that the text of section 1226, canons of interpretation, legislative history, and longstanding agency practice demonstrate that they are governed by [8 USC section] 1226(a)'s 'default' rule for discretionary detention," even when they had originally entered the United States without inspection. *Rodriguez Vazquez v. Bostock, et al.*, 2025 WL 2782499, at *27.

23. The Ninth Circuit affirmed the Western District of Washington in a precedential decision, such that "the Ninth Circuit has decisively resolved the debate over the statutory basis for noncitizens in petitioner's position," that is, that noncitizens detained at the border then released have a protected liberty interest in freedom from confinement, and may not be detained without a hearing before a neutral adjudicator. *Ferrer v. Warden*, 1:26-cv-04711-TLN-AC (unpublished), (E.D.Cal., Oct. 7, 2026); *citing Rodriguez Vazquez v.*

*Bostock*, 183 F.4th 1160, 1165, 1193 (9th Cir. 2026) (noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are entitled to a bond hearing.) While the mandate in *Rodriguez Vazquez* has been stayed pending the resolution of a Supreme Court Petition for Certiorari, the Ninth Circuit's ruling remains in effect: that people in Mr. Vasquez's position are at very least entitled to a bond hearing to challenge their custody. *Rodriguez Vasquez v. Bostock*, 183 F.4th 1165, 1193; Case No. 25-6842 Dkt. 89 (9th Cir. Oct. 6, 2026) (briefing deadline on en banc rehearing withdrawn, mandate stayed "pending the Supreme Court's decision in *Rhoney v. Barbosa da Cunha*, No. 26-104"). The Eastern District of California has further found that people in Petitioner's position are entitled to a pre-detention hearing at which the government has the burden to justify Petitioner's rendition "by clear and convincing evidence." *Ferrer v. Warden*, 1:26-cv-04711-TLN-AC (unpublished), (E.D.Cal., Oct. 7, 2026).

24. There has been no meaningful review of the Petitioner's detention, and Respondents are flagrantly disregarding Circuit law.

Courts are not required to defer to the BIA's reasonable interpretations of ambiguous provisions of the INA. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024). The agency is bound by Circuit precedent and may not ignore it. *See*, *Murillo-Chavez v. Bondi*, 128 F.4th 1076, 1086–87 (9th Cir. 2025) (holding that the court may look to agency interpretations for guidance but court is not bound by agency's reasonable interpretation); *Lopez v. Garland*, 116 F.4th 1032, 1036 (9th Cir. 2024) (explaining that, "after *Loper Bright Enterprises*, we may look to agency interpretations for guidance, but do not defer to the agency"). The Respondents, therefore, act unlawfully in continuing to detain Mr. Vasquez while denying him any meaningful review of his detention.

## **CLAIMS FOR RELIEF**

## **CLAIM ONE**

***Violation of APA 5 U.S.C. § 706(2)(A)***
***Petitioner's Detention is Not in Accordance with Law because It Violates the Rodriguez Vazquez v. Bostock Order***

25. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in paragraphs 1-25 as if fully set forth herein.

26. Under the Administrative Procedure Act ("APA"), courts "shall . . . hold unlawful and set aside agency action . . .found to be . . .not in accordance with law." 5 U.S.C. § 706(2)(A). Respondent's detention of Petitioner constitutes final agency action under the APA. 5 U.S.C. § 551(13), 704; *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). In *Rodriguez Vazquez v. Bostock*, the Ninth Circuit concluded that noncitizen present without admission apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are entitled to a bond hearing. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165, 1193 (9th Cir. 2026). The Eastern District of California has further found that noncitizens in this position, if they were previously detained then released by Respondents, have a protected liberty interest in freedom from confinement and are entitled to a pre-detention hearing at which Respondents bear the burden to justify the noncitizen's re-detention by clear and convincing evidence. *Ferrer v. Warden*, 1:26-cv-04711-TLN-AC (unpublished), (E.D.Cal., Oct. 7, 2026).

27. Respondents have complied with neither of these requirements, therefore, Respondents' detention of Petitioner is unlawful.

28. Respondents' detention of Petitioner is therefore not in accordance with law in violation of the APA, as it directly contravenes the relief in *Rodriguez Vazquez v. Bostock* and *Ferrer v. Warden*, *supra.*

## CLAIM TWO

***Violation of the Fifth Amendment of the United States Constitution Procedural Due Process Required Notice and Opportunity to Be Heard Before Mr. Vasquez Was Re-Detained***

29. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in preceding paragraphs 1-25 as if fully set forth herein.

30. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The essence of due process is the requirement that a person in jeopardy of serious loss" receive "notice" and "opportunity

to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333, 348-49 (citations omitted).

31. Here, Petitioner has a protected liberty interest in the "freedom of confinement that he gained after he was released on parole" in or around December 2022. *Ferrer v. Warden*, 1:26-cv-04711-TLN-AC (unpublished), (E.D.Cal., Oct. 7, 2026). This protected liberty interest required a pre-detention hearing at which Respondents had the burden to justify Petitioner's re-detention by clear and convincing evidence. *Id*.

32. Respondents conducted no hearings at all and in fact refused to conduct a custody redetermination hearing for the Petitioner on October 7, 2026. The Immigration Judge's prejudgment of Petitioner's eligibility for parole indicates that Respondent Blanche's agency cannot provide an impartial adjudicator to conduct a hearing in compliance with Petitioner's due process rights under the Fifth Amendment.

33. Accordingly, without any procedural protections, Petitioner has been deprived of due process under the Fifth Amendment.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Petitioner prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) An order prohibiting Petitioner's transfer from this District pending resolution of this petition;

(3) An Order requiring Respondents to show cause why the writ should not be granted, and set a hearing on this Petition within five days of the return, as required by 28 U.S.C. § 2243;

(4) A writ of habeas corpus, or other order, requiring that:

a. Respondents release Petitioner immediately, with the same conditions to which he was subject immediately prior to his detention in August 2026;

b. At the time of release, Respondents must return all of Petitioner's documents and possessions;

c. Respondents shall not impose any additional restriction on Petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing;

d. Respondents be enjoined and restrained from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation

hearing before a neutral fact-finder where: (a) respondents show material changed circumstances demonstrate a significant likelihood of petitioner's removal in the reasonably foreseeable future, or (b) respondents demonstrate by clear and convincing evidence that petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present;

(5) An order requiring Respondents to file a notice of compliance confirming Petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his re-detention within three days of an order by this Court granting Petitioner relief from detention;

(6) Award reasonable costs and attorneys' fees; and

(7) Grant such further relief as the Court deems just and proper.

Respectfully submitted this fifteenth day of October, 2026,

*s/ Diego J. Aranda Teixeira*
Diego Aranda Teixeira
*Pro-Bono Attorney for Petitioner*

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Edwin Camilo Vasquez Reyes, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this fifteenth day of October, 2026.

s/*Diego J. Aranda Teixeira*
Diego J. Aranda Teixeira