**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWIN CAMILO VASQUEZ REYES,<br>Petitioner,<br>v.<br>WARDEN, ETC., ET AL.,<br>Respondents. | No. ED CV 26-6070-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for a Writ of Habeas Corpus" ("the Petition") on October 15, 2026. Respondents failed to file any timely Answer to the Petition.[1]

///

///

///

[1] This failure may not have been accidental. At a September 8, 2026 meeting of the Magistrate Judges of this Court, the Chief Magistrate Judge reported that the United States Attorney's Office has decided that it will file nothing in response to some immigration-related habeas corpus petitions, notwithstanding the "Notice of General Order 26-05, etc." ("The Court hereby directs Respondents to show cause why the writ of habeas corpus should not be granted").

## BACKGROUND

Petitioner, a native and citizen of Columbia, entered the United States in December of 2022. Immigration authorities paroled Petitioner from detention the same month. Thereafter, Petitioner attended all required check-ins and otherwise fully complied with the conditions of his supervision.

Petitioner filed an application for asylum, which is still pending. There is no final order of removal. Petitioner has no criminal record.

On August 27, 2026, ICE re-detained Petitioner when Petitioner appeared for a scheduled check-in. This re-detention occurred without prior notice, in the absence of any materially changed circumstances, and without affording Petitioner a prompt opportunity to be heard in opposition to detention. More than a month later, on October 7, 2026, an immigration judge claimed an absence of jurisdiction to release Petitioner.

## DISCUSSION

Respondents failed to file a timely Answer. However, habeas relief may not properly issue as a consequence of a respondent's default. See, e.g., Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Hinkson v. Copenhaver, 2014 WL 1255922, at *1-2 (E.D. Cal. Mar. 25, 2014). To obtain federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3). "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). As discussed below, Petitioner has carried this burden.

///

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3).

Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025). Numerous District Courts correctly have found that jurisdiction exists to adjudicate noncitizens' challenges to ICE detentions. See, e.g., Pinchi v. Noem, 2025 WL 3691938, at *9-12; Xayakesone v. Noem, 2025 WL 3229102 (S.D. Cal. Nov. 19, 2025); J.L.R.P. v. Wofford, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *6-7 (D. Nev. Nov. 3, 2025); Grigorian v. Bondi, 2025 WL 2604573 (S.D. Fla. Sept. 9, 2025); K.E.O. v. Woosley, 2025 WL 2553394 (W.D. Ky. Sept. 4, 2025); Zhu v. Genalo, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); Santamaria Orellana v. Baker, 2025 WL 2444087 (D. Md. Aug. 25, 2025); M.S.L. v. Bostock, 2025 WL 2430267 (D. Or. Aug. 21, 2025); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 151-52 (W.D.N.Y. 2025).

Constitutional due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S.

319, 333 (1976) ("Mathews").

A noncitizen previously released on parole possesses a protected liberty interest in remaining undetained. See Fernandez Lopez v. Wofford, 2025 WL 2959319, at *2 (E.D. Cal. Oct. 17, 2025); Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025). Petitioner's August 27, 2026 detention without prior notice or a prompt opportunity to be heard violated his due process rights. See Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025) (applying Mathews to find that detention of paroled alien without the possibility of re-release violated due process); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025) (applying Mathews to find a likelihood of a due process violation where ICE detained without a hearing an alien who had been on immigration supervision); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *10-14 (D. Nev. Nov. 3, 2025) (finding violations of procedural and substantive due process); accord Pinchi v. Noem, 2025 WL 3691938, at *30-31 (N.D. Cal. Dec. 19, 2025); Fernandez Lopez v. Wofford, 2025 WL 2959319, at *4-5; Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (same); cf. Hurd v. District of Columbia, 864 F.3d 671, 683 (D.C. App. 2017) ("the Supreme Court has repeatedly held that in at least some circumstances, a person who is in fact free of physical confinement - even if that freedom is lawfully revocable - has a liberty interest that entitles him to constitutional due process before he is re-incarcerated").

An appropriate remedy for a re-detention in violation of a noncitizen's due process rights is "[t]o return to the status quo - the last uncontested status which preceded the pending controversy," i.e., to order the release of Petitioner on "the same conditions [under which] he was released previously." Garcia v. Andrews, 2025 WL 1927596, at *6 (E.D. Cal. July 14, 2025);[2] see Rodriguez Cabrera v. Mattos, 808 F. Supp. 3d 1159, 1183 (D. Nev. 2025) (ordering re-release of ICE detainee on conditions previously imposed); accord,

---

[2] Even if the process was due as of August 27, 2026, were limited to a prompt, post-detention bond hearing, Petitioner has been denied such a hearing.

Asatryan v. Lyons, 2026 WL 1196005 (C.D. Cal. April 24, 2026); Dereck v. Noem, 2026 WL 807618, at *3-4 (E.D. Cal. March 24, 2026), adopted, 2026 WL 926254 (E.D. Cal. April 6, 2026); Elshawadfy v. Bowen, 2026 WL 1045643 (C.D. Cal. March 16, 2026). The Court will include as an additional remedy certain procedural protections against the possibility of another unlawful re-detention. Numerous judges of this Court, as well as other judges within the Ninth Circuit, have ordered such procedural protections, often while expressly affirming the Court's jurisdiction to do so. See, e.g., Patel v. Bowen, 2026 WL 3027234 (C.D. Cal. Oct. 8, 2026); Martinez v. Mullin, 2026 WL 2970607 (C.D. Cal. Oct. 2, 2026); Singh v. Warden, 2026 WL 2276888 (C.D. Cal. Aug. 6, 2026); M.S. v. Chestnut, 2026 WL 2110882 (E.D. Cal. July 22, 2026); R.N.G. v. Semaia, 2026 WL 2089544 (C.D. Cal. July 14, 2026); Cu v. Marin, 2026 WL 1999356 (C.D. Cal. July 9, 2026); P.M.A. v. Warden, 2026 WL 1983415 (E.D. Cal. July 8, 2026); Zhao v. Semaia, 2026 WL 1786805 (C.D. Cal. June 22, 2026); Araujo-Contreras v. Janecka, 2026 WL 1625368 (C.D. Cal. June 3, 2026); Mendoza v. Blanche, 2026 WL 1383273 (D. Nev. May 18, 2026); Molina v. Dicus, 2026 WL 1454998 (C.D. Cal. May 18, 2026); Bekhoev v. Marin, 2026 WL 1365631 (C.D. Cal. April 28, 2026); Le v. Chestnut, 2026 WL 809891 (E.D. Cal. March 24, 2026); Meza-Hernandez v. Marin, 2026 WL 561381 (C.D. Cal. Feb. 25, 2026); Singh v. Marin, 2026 WL 431142 (C.D. Cal. Feb. 13, 2026).

**CONCLUSION**

For all of the foregoing reasons, it is ordered that the Petition is granted in part and: (1) Respondents are ordered to release Petitioner (A#246-306-240) from detention immediately, subject to his previous conditions of supervision; and (2) Respondents are enjoined from any further re-detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government

///

///

bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable risk of flight.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 23, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[3] Petitioner has failed to justify any different or additional form of habeas relief.